IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-162-BO

UNITED STATES OF AMERICA,        )
            Plaintiff,           )
*ex rel.* KENNETH LYN LOHR,      )
            Relator,             )
                                 )
            v.                   )        O R D E R
                                 )
CRYSTAL COAST MEDICAL            )
TRANSPORT,                       )
            Defendant.           )

This cause comes before the Court on motion by relator Kenneth Lohr for an award of

attorneys' fees and costs against defendant Crystal Coast Medical Transport. No response to the

instant motion was filed and, the time for doing so having expired, the motion is ripe for ruling.

For the reasons discussed below, the motion is granted but the amount awarded is modified.

BACKGROUND

Relator filed this action on behalf of the United States under the False Claim Act. 31

U.S.C. §§ 3729, *et seq.* Relator alleged that defendant billed Medicare, Medicaid, and TRICARE

for reimbursement for non-emergent ambulance services provided to Medicare, Medicaid, and

TRICARE beneficiaries where such services were not medically necessary. The United States

elected to intervene and an amended complaint was filed. [DE 22 & 23]. The State of North

Carolina elected not to intervene. [DE 35]. On June 15, 2016, a stipulation of dismissal was filed

pursuant to Rule 41 of the Federal Rules of Civil Procedure and was signed by all parties. [DE

68]. The stipulation expressly reserved relator's statutory right to attorneys' fees and costs

associated with bringing this action.

## DISCUSSION

The False Claims Act provides that a prevailing relator is entitled to an award of attorneys'

fees. *See, e.g.*, 31 U.S.C. § 3730(d)(1) (relator "shall also receive an amount for reasonable

expenses . . . plus reasonable attorneys' fees and costs."); *see also id.* at § 3730(d)(2) (attorneys'

fees awarded to person bringing the action or settling the claim). The applicable statutes plainly

provide for an award of attorneys' fees and costs to relator in this instance, and absent any

objection from either defendant or the United States as to either the award or the amount

requested, relator's request for attorneys' fees and costs is allowed.

In order to determine the amount of reasonable attorneys' fees to award, the Court first

calculates the lodestar amount by multiplying the reasonable number of hours spent by a

reasonable rate. *Robinson v. Equifax Info. Services, LLC*, 560 F.3d 235, 243 (4th Cir. 2009). In

determining what constitutes a rate and number of hours that are reasonable, the Court considers

the following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3)
> the skill required to properly perform the legal services rendered; (4) the attorney's
> opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6)
> the attorney's expectations at the outset of the litigation; (7) the time limitations imposed
> by the client or circumstances; (8) the amount in controversy and the results obtained; (9)
> the experience, reputation and ability of the attorney; (10) the undesirability of the case
> within the legal community in which the suit arose; (11) the nature and length of the
> professional relationship between attorney and client; and (12) attorneys' fees awards in
> similar cases.

*Robinson*, 560 F.3d at 243-44 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir.

1978) (adopting the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d

714 (5th Cir. 1974)). When considering the *Johnson/Barber* factors, the court need not

robotically list each factor nor comment on those factors that do not apply. *In re A.H. Robins Co.*,

86 F.3d 364, 376 (4th Cir. 1996). The Court next subtracts from the lodestar amount any hours

spent on unsuccessful claims that are unrelated to successful claims, and finally awards a

percentage of the amount that remains, to be determined by the degree of success enjoyed by the

prevailing party. *Grissom v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008) (citation

omitted).

In order to establish an hourly rate, a "fee applicant must produce satisfactory specific

evidence of the prevailing market rates in the relevant community for the type of work for which

he seeks an award." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (quotation omitted).

Relator has submitted the declaration of a North Carolina attorney whose practice also focuses on

false claims litigation and who finds the rates claimed by relator's counsel to be reasonable. [DE

69-8]. The Court has considered the declaration and the rates provided by relator's counsel and

finds the rates to be inflated for this market and the time and labor expended in this case as well as

the novelty and difficulty of the issues. Accordingly, the Court reduces the hourly rates of

relator's counsel and litigation staff as follows: Moylan's rate is reduced to $400 per hour;

Bakker's rate is reduced to $400 per hour; Casey's rate is reduced to $400 per hour; Schoen's rate

remains at $300 per hour; and paralegal Rawls' rate is reduced to $150 per hour.

The Court next considers the number of hours expended as proffered by relator and finds

them to be reasonable. Accordingly, the number of hours worked shall be awarded as follows:

Moylan at 142.9 hours; Bakker at 1.3 hours; Casey at 45.4 hours; Schoen at 10.3 hours; and Rawls

at 50.6 hours. Finally, the Court finds no reason to subtract any amount from the lodestar

calculation above as relator plainly enjoyed a full degree of success. The Court further finds no

basis to reduce the amount of costs requested.

3

## CONCLUSION

Accordingly, for the reasons discussed above, relator's motion for attorneys' fees and costs [DE 69] is GRANTED. The total amount of attorneys' fees awarded is $86,520, with the specific amounts awarded as follows: Moylan is awarded $57,160 in fees; Bakker is awarded $520 in fees; Casey is awarded $18,160 in fees; Schoen is awarded $3,090 in fees; and Rawls is awarded $7,590 in fees. Costs and expenses in the amount of $1,980.14 are also awarded.

SO ORDERED, this **21** day of October, 2016.

_Terrence Boyle_

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4